IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DOWNWIND TRADING COMPANY, INC., d/b/a DAMON'S GRILL, a South Carolina corporation, | ) Civil Action No.: ) ) ) |
| Plaintiff, | ) **NOTICE OF REMOVAL** ) |
| v. | ) ) ) |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | ) ) ) |
| Defendant. | ) ) |

Pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446(a), Federal Insurance Company ("Defendant") hereby submits notice of its removal of this action, captioned *Downwind Trading Company, Inc., d/b/a Damon's Grill v. Federal Insurance Company*, and bearing civil case number 2022-CP-2600971, from the Court of Common Pleas for the Fifteenth Judicial Circuit (County of Horry, State of South Carolina) to the United States District Court for the District of South Carolina. Pursuant to 28 U.S.C. § 1446(a), Defendant states as follows:

## BACKGROUND

1. On February 15, 2022, Downwind Trading Company, Inc., d/b/a Damon's Grill ("Plaintiff") filed a complaint in the Court of Common Pleas for the Fifteenth Judicial Circuit (County of Horry, State of South Carolina) against Defendant seeking declaratory judgment and wrongful denial of an insurance claim. (**Exh. A**, Compl., at ¶¶ 3-4, 10-20).

2. Defendant was served with Plaintiff's Complaint through the South Carolina Department of Insurance on February 17, 2022.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings served upon Defendant are attached hereto as **Exhibit A**.

4. Attached as **Exhibit B** is a copy of the docket statement from the state court proceeding which demonstrates that no other process, pleadings, orders or other papers or exhibits have been filed other than the documents attached hereto as **Exhibit A**.

## VENUE AND SUBJECT MATTER JURISDICTION

5. Pursuant to 28 U.S.C. § 1446(a), Defendant files this notice as required "in the district court of the United States for the district and division within which [the Fifteenth Judicial Circuit (County of Horry, State of South Carolina)] action is pending."

6. Defendant maintains that venue is proper in the District of South Carolina pursuant to 28 U.S.C. §§ 1391 and 1441(a) because Plaintiff is a South Carolina corporation with its principal place of business located in the City of Myrtle Beach, County of Horry, State of South Carolina. (**Exh. A**, Compl., at ¶¶ 2, 6).

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Defendant; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

## DIVERSITY JURIDICTION

8. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principle place of business . . . ." 28 U.S.C. § 1332(c)(1).

9. Plaintiff is a South Carolina corporation with its principal place of business located in the City of Myrtle Beach, County of Horry, South Carolina. (**Exh. A**, Compl., at ¶ 2, 6).

10. Based upon its state of incorporation and principal place of business, Plaintiff is deemed to be a citizen of South Carolina.

11. Defendant is an Indiana corporation with its principal place of business in New Jersey.

12. Based upon it state of incorporation and principal place of business, Defendant is deemed to be a citizen of Indiana and New Jersey.

13. Because Plaintiff is deemed to be a citizen of South Carolina, and Defendant is deemed to be a citizen of Indiana and New Jersey, there exists complete diversity of citizenship amongst the parties.

14. Plaintiff claimed loss totaling $139,724.65 (**Exh. A**, Compl. at ¶20). Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## OTHER REMOVAL REQUIREMENTS

15. On February 17, 2022, Plaintiff served Defendant with the Complaint through the South Carolina Department of Insurance.

16. Because Plaintiff served Defendant on February 17, 2022, the last day to file the Notice of Removal is March 21, 2022 (Because the 30th day falls on a Saturday, therefore the deadline is extended to Monday, March 21). 28 U.S.C. § 1446(b)(1). This Notice of Removal is timely filed within thirty days of service.

17. For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal. Defendant is the only defendant in this action and Defendant consents to removal.

## CONCLUSION

18. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and this action is one which may be removed to federal district court by Defendant pursuant to 28

U.S.C. §§ 1441(b) and 1446(a), as there is complete diversity in citizenship between the Plaintiff and Defendant and because the amount in controversy, as set forth above, exceeds $75,000, exclusive of interest and costs.

**WHEREFORE**, Defendant hereby removes this action from the Court of Common Pleas for the Fifteenth Judicial Circuit (County of Horry, State of South Carolina) to the United States District Court for the District of South Carolina. By filing this Notice of Removal, no party waives any defenses that may be available to it and reserves all such defenses.

Dated: March 17, 2022                    GORDON & REES LLP

                                         By    *s/ Susan Taylor Wall*
                                                Susan Taylor Wall (Fed. 04502)
                                                Email: swall@grsm.com
                                                40 Calhoun Street, Suite 350
                                                Charleston, SC  29401
                                                Telephone: (843) 278-5900
                                                *Attorneys for Federal Insurance Company*

1247145/65340602v.1